## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              Case No: 07-20126-01-CM-DJW

MICHAEL VUJNOVICH,

        Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Amended Motion to Modify Conditions of Release (doc. 9). More specifically, Defendant moves the Court for an order removing the electronic monitoring requirement from his conditions of release. In support of his Motion, Defendant argues that imposition of this condition of pretrial release pursuant to the Bail Reform Act of 1984, as amended by the Adam Walsh Child Protection Safety Act of 2006, is unconstitutional because it violates Defendant's right to procedural and substantive due process pursuant to the Fifth Amendment, the separation of powers doctrine, and the Excessive Bail Clause of the Eighth Amendment. The Court agrees.

## Factual Background

Defendant was indicted on September 13, 2007, and charged with receipt and possession of child pornography as a result of his subscription to a "for profit" child pornography web site entitled "illegal CP."[1] An initial appearance was held on October 9, 2007, at which time Defendant was

_____

[1]Defendant initially was charged in case number 07-20058-01-CM-DJW with the same charges recited in the current Indictment. An initial appearance on that Indictment was held on May 8, 2007. At that time Mr. Vujnovich was released on the same conditions to which he is now subject. The original Indictment was ultimately dismissed without prejudice due to an inadvertent Speedy Trial violation caused by the defense.

ordered released on an unsecured bond. One condition of Defendant's pretrial release was that he submit to electronic monitoring pursuant to amendments to 18 U.S.C. § 3142(c), effective July 27, 2006, commonly known as the "Adam Walsh Amendments." The Court made no specific findings as to the necessity for this condition because, given the crimes with which Defendant was charged, the Adam Walsh Amendments mandate imposition of electronic monitoring as a condition of release.

## Issue Presented

Insofar as the Adam Walsh Amendments mandate the imposition of specific conditions for Defendant's pretrial release, whether the Act violates Defendant's right to procedural and substantive due process as required by the Fifth Amendment, the separation of powers doctrine, and the Excessive Bail Clause of the Eighth Amendment.

## Applicable Law

On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006 ("The Act").  Relevant to the issue currently before the Court, the Act contains amendments to the Bail Reform Act of 1984 ("Adam Walsh Amendments").  Specifically, 18 U.S.C. § 3142 was amended to require electronic monitoring as a condition of pretrial release for persons charged with certain crimes, including violations of 18 U.S.C. § 2252(a)(2), under which Defendant now stands charged. The bail statute now reads, in relevant part:

(c)    Release on conditions.

    (1)    If the judicial officer determines that the release described in subsection (b)[2] of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person –

    *        *        *        *        *

    In any case that involves a minor victim under section . . . 2252(a)(2)[3] . . . of this title, . . . any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).[4]

### Discussion

Defendant's Motion to Modify his bail conditions relies heavily upon the analysis set forth by the court in the case of *United States v. Crowell.*[5]  In *Crowell*, the magistrate judge consolidated pretrial bail motions as to three defendants – Andrew Crowell, William Swiat, and Bruce Bremer. All defendants were charged with child pornography offenses that subjected them to the purview

---

[2]18 U.S.C. § 3142(b) provides "The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject [only] to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a), unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."

[3]18 U.S.C. § 2252(a)(2) provides: "Any person who . . . knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct."

[4]18 U.S.C. § 3142(c)(1) (2006).

[5]06-M-1095, 06-CR-291E(F), 06-CR-304S(F), 2006 WL 3541736 (W.D.N.Y Dec. 7, 2006).

of the Adam Walsh Act pretrial release conditions. At each of their initial appearances, however, the judge released each defendant without imposing electronic monitoring or house arrest. The government concurred with pretrial services' findings and did not oppose the initial conditions set by the magistrate.

After release, the court realized it had not complied with the Adam Walsh Act. Accordingly, the magistrate judge proposed modification of release conditions to include electronic monitoring and home confinement for each of the defendants. Defendants challenged the proposed conditions as unconstitutional in violation of procedural due process pursuant to the Fifth Amendment, the separation of powers doctrine, and the Excessive Bail Clause of the Eighth Amendment. The government opposed the constitutional challenges. The court treated the government's opposition as a motion for imposition of pretrial release conditions. After extensive briefing, and in a well-reasoned and thorough decision, the magistrate court denied the government's motion for imposition of pretrial release conditions and held that, insofar as the Adam Walsh Amendments mandate the imposition of specific conditions for pretrial release, the Amendments violate the Excessive Bail Clause of the Eighth Amendment, procedural due process guaranteed by the Fifth Amendment, and the separation of powers doctrine.

Arguing the facts in *Crowell* are substantially the same facts presented in this case, Defendant urges this Court to adopt the reasoning and the legal conclusion in *Crowell*. In response, the government argues the reasoning in *Crowell* should be rejected because the holding in *Crowell* was based upon factually divergent circumstances. More specifically, the government maintains that the *Crowell* court proposed imposing the additional pretrial release conditions (electronic monitoring and home confinement) on the defendants even though there were no changed circumstances from

the previous bail conditions set by the magistrate judge. Thus, the government argues that – before the magistrate judge discovered his oversight – the judge affirmatively made a decision that electronic monitoring and home confinement were unnecessary to guarantee defendants' appearance and the safety of others. The government concludes that, because the Adam Walsh Act conditions were imposed upon Defendant from the outset, the *Crowell* facts are distinguishable and the court's reasoning inapplicable to the case here.

The Court disagrees with the conclusion reached by the government and finds that any difference in the facts presented in *Crowell* and the facts presented here have no bearing on the well-reasoned constitutional analysis set forth by the court in *Crowell*. Accordingly, this Court, for the purpose of brevity in this opinion, adopts and incorporates herein, in their entirety, the legal conclusions reached by the *Crowell* court.

For these reasons, the Court finds that, insofar as the Adam Walsh Amendments mandate the imposition of specific conditions for Defendant's pretrial release, the Act violates Defendant's right to procedural due process as required by the Fifth Amendment, the separation of powers doctrine, and the Excessive Bail Clause of the Eighth Amendment. Accordingly, Defendant's Amended Motion to Modify Conditions of Release (doc. 9) is granted and the electronic monitoring requirement shall be removed from Defendant's conditions of release.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 20th day of November, 2007.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:    All counsel and *pro se* parties