# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 07-20126-01-CM-DJW** |
| ) | |
| **MICHAEL VUJNOVICH,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the government's Motion for Review of Modification of Release Order (Doc. 15).

**I.  Background**

On September 13, 2007, defendant was indicted and charged with receipt and possession of child pornography as a result of his subscription to a "for profit" child pornography web site entitled "illegal CP."[1]  On October 9, 2007, at his initial appearance, defendant was ordered released on an unsecured bond.  One condition of defendant's pretrial release was that he submit to electronic monitoring pursuant to the Bail Reform Act of 1984, as amended by the Adam Walsh Child Protection Safety Act of 2006, 18 U.S.C. § 3142(c) (the "Adam Walsh Amendments").  Defendant objected to the condition, arguing it was unconstitutional.  The government argued that the condition

---

[1] Initially, defendant was charged in case number 07-20058-01-CM-DJW with the same charges recited in the current Indictment.  An initial appearance on that Indictment was held on May 8, 2007.  At that time defendant was released on the same conditions to which he is now subject. The original Indictment was ultimately dismissed without prejudice due to an inadvertent Speedy Trial violation caused by the defense.

is required in cases involving a violation of 18 U.S.C. § 2252(a)(2), under which defendant is charged.  The Magistrate Judge imposed the condition without making specific findings as to the necessity for the condition, but told defendant he could file a motion to modify the conditions and if necessary the court would have a hearing.

On October 16, 2007, defendant filed a Motion to Modify Condition of Pretrial Release and Suggestions in Support (Doc. 9), which requested the court remove the electronic monitoring requirement from his conditions of release.  In support of his Motion, defendant argued that imposition of this condition of pretrial release pursuant to the Bail Reform Act of 1984, as amended by the Adam Walsh Amendments, is unconstitutional because it violates (1) defendant's right to procedural and substantive due process pursuant to the Fifth Amendment; (2) the separation of powers doctrine; (3) and the Excessive Bail Clause of the Eighth Amendment.  The Magistrate Judge granted defendant's motion adopting and incorporating, in their entirety, the legal conclusions reached by the court in *United States v. Crowell*, Nos. 06-M-1095, 06-CR-291E(F), 06-CR-304S(F), 2006 WL 3541735 (W.D.N.Y. Dec. 7, 2006) (Doc. 14)—which held the Bail Reform Act of 1984 unconstitutional on each of the above-mentioned grounds raised by defendant.

The government requests that the court revoke the Magistrate Judge's order granting defendant's motion and reinstate the electronic monitoring.  Neither party filed additional briefs on the issue, and thus, the court will rely on the briefs previously filed with the court.

**II.    Standard of Review**

The court reviews a magistrate judge's order releasing a defendant pending trial de novo. *United States v. Williams*, No. 07-40028-JAR, 2007 WL 1728258, at *1 (D. Kan. June 14, 2007) (citing *Gee v. Estes*, 829 F.2d 1005, 1008 (10th Cir. 1987)).  This court must make its own

determination and must ultimately decide the issue of conditions for release without deference to the magistrate judge's conclusion. *United States v. Nguyen*, No. 08-10002-05, 2008 WL 482699, at *1 (D. Kan. Feb. 19, 2008) (citing *United States v. Cisneros*, 328 F.3d 610, 616, n. 1 (10th Cir. 2003)).

**III.    Analysis**

Defendant argues that the Adam Walsh Amendments are unconstitutional because they require that electronic monitoring be imposed as a condition of pretrial release in cases involving a violation of certain statutes, including 18 U.S.C. § 2252(a)(2). Defendant further argues that this mandatory imposition of electronic monitoring violates (1) his right to substantive and procedural due process under the Fifth Amendment; (2) the separation of powers doctrine; and (3) the Excessive Bail Clause of the Eighth Amendment.

Because it is dispositive of the issue, the court will first consider defendant's Fifth Amendment procedural due process argument.[2] Defendant argues that the Adam Walsh Amendments violate his right to due process "[t]o the extent that the amendments mandate imposition of certain pretrial release conditions, based solely on the nature of the particular crime(s) charged" without "an independent judicial determination as to whether these conditions are necessary to assure community safety or the defendant's future interest at trial." (Def.'s Mot. at 4.) The government argues that the Adam Walsh Amendments do not eliminate judicial discretion because they apply only after a judicial officer has determined that the release of the person will not assure his appearance as required or will endanger the safety of another person or the community. While the court believes there is merit to the government's argument, *see* 18 U.S.C. § 3142(b) and

---

[2] Although the Magistrate Judges's order considered each of defendant's arguments, the court finds that its due process ruling is dispositive of the issue, and thus, it need not consider defendant's additional arguments.

-3-

(c),[3] it need not decide the issue here. *See, e.g.*, *Kaiser Steel Corp. v. Dir., Office of Workers' Comp.*, 748 F.2d 1426, 1431 (10th Cir. 1984) ( "[I]t is well-settled law that a federal court should not decide questions of constitutionality unless such are unavoidable or are absolutely necessary to a decision of the case.").

In this case, the Magistrate Judge interpreted the Adam Walsh Amendments as mandating electronic monitoring as a condition of defendant's pretrial release because defendant was charged with violating 18 U.S.C. § 2252(a)(2):

> One condition of Defendant's pretrial release was that he submit to electronic monitoring pursuant to amendments to 18 U.S.C. § 3142(c) . . . The Court made no specific findings as to the necessity for this condition because, given the crimes with which Defendant was charged, the Adam Walsh Amendments mandate imposition of electronic monitoring as a condition of release.

(Memoran. & Order at 2, Doc. 14). Thus, the question before the court is whether the mandatory imposition of electronic monitoring on defendant violated his right to procedural due process. For the following reasons, the court finds that it does.

The Magistrate Judge's determination that he must impose electronic monitoring as a condition of defendant's pretrial release based solely on the crimes charged effectively created an irrebuttable presumption that defendant's appearance at trial and the safety of the community could not be assured without subjecting defendant to electronic monitoring. *See Crowell*, 2006 WL 3541735, at *9. As the *Crowell* court, relying on *United States v. Scott*, 450 F.3d 863 (9th Cir. 2006), explained, defendant's arrest alone cannot establish his dangerousness; it merely triggers the ability to hold a hearing during which such a determination may be made. *See Crowell*, 2006 WL 3541735,

---

[3] Under 18 U.S.C. § 3142(b), a judicial officer determines whether release on personal recognizance or bond is sufficient. If the judicial officer determines release under section 3142(b) is insufficient, he may release the defendant under section 3142(c). Thus, electronic monitoring is not required in every case involving a minor victim under 18 U.S.C. § 2252(a)(2)—it is only required when the judicial officer determines that release on personal recognizance or bond is insufficient.

-4-

at *10.  "[I]f a defendant is to be released subject to bail conditions that will help protect the community from the risk of crimes he might commit while on bail, the conditions must be justified by a showing that defendant poses a heightened risk of misbehaving while on bail."  *Scott*, 450 F.3d at 874 (considering an irrebuttable presumption of danger to the community in the Fourth Amendment context).  The arrest itself is insufficient to establish that pretrial release conditions are required.

Because the Magistrate Judge did not determine whether it was necessary to impose the pretrial release conditions in order to secure defendant's appearance or the safety of other persons or the community, the application of the Adam Walsh Amendments in this case eliminated an independent judicial determination as to the necessity of the release conditions.  This violated defendant's right to procedural due process.

**IT IS THEREFORE ORDERED** that the government's Motion for Review of Modification of Release Order (Doc. 15) is denied.  The court will set the matter for hearing to determine defendant's conditions of release.

Dated this 11th day of March 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**